UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Moise William,
     Petitioner

     v.                                    Case No. 11-cv-3-SM
                                           Opinion No. 2011 DNH 024
United States of America,
     Government

**O R D E R**

Petitioner was convicted of unlawful possession of marijuana and crack cocaine, in violation of the provisions of 21 U.S.C. § 844.  He was sentenced to a term of 24 months in prison.  He seeks relief from that conviction and sentence pursuant to 28 U.S.C. § 2255.

Included in the petition is a motion for new trial on newly-discovered evidence grounds.  Whether "newly discovered evidence is a cognizable ground for obtaining a new trial in proceedings under § 2255" is an issue not yet resolved in this circuit. Moreno-Morales v. United States, 334 F.3d 140, 149 (1st Cir. 2003).  See also Barrett v. United States, 965 F.2d 1184, 1194 (1st Cir. 1992).  Assuming such relief can be had under § 2255, still, "[a]t a minimum, the petitioner would be required to meet the conventional criteria for obtaining a new trial on the ground of newly discovered evidence."  Moreno-Morales, 334 F.3d at 149

(quoting <u>Barrett</u>, 965 F.2d at 1194).  That is, petitioner must show that:

> (1) the evidence was unknown or unavailable to [him] at the time of trial; (2) failure to learn of the evidence was not due to lack of diligence by [him]; (3) the evidence is material and not merely cumulative or impeaching; and (4) the emergence of the evidence will probably result in [his] acquittal upon retrial.

<u>United States v. Del-Valle</u>, 566 F.3d 31, 38 (1st Cir. 2009) (citations omitted).

Here, petitioner challenges the legality of a sobriety checkpoint (roadblock) that led to a search of his vehicle, discovery of unlawful drugs in his possession, and his arrest. He questions the statistical facts underlying the supposed need for the roadblock, the adequacy of advance notice, the adequacy of signage, and the conduct of the operation itself.  But, those issues were considered by the court of appeals and resolved against petitioner in his direct appeal.  <u>United States v. William</u>, 603 F.3d 66 (1st Cir. 2010).  Issues previously decided on appeal may not be raised again under a different label on collateral review.  <u>Tracey v. United States</u>, 739 F.2d 679 (1st Cir. 1984); <u>Dirring v. United States</u>, 370 F.2d 862 (1st Cir. 1967).

Finally, to the extent petitioner seeks to relitigate a second suppression issue resolved against him at trial (related to drugs seized from his car), it appears that he did not raise that issue on direct appeal.  <u>William</u>, 603 F.3d at 67 ("In response to a second motion to suppress, the court also held that the car search was lawful, but that issue is not before us on this appeal.").  It is, then, procedurally defaulted.  <u>See</u> <u>Knight v. United States</u>, 37 F.3d 769, 774 (1st Cir. 1994) ("Normally, failure to raise a constitutional issue on direct appeal will bar raising the issue on collateral attack unless the defendant can show cause for the failure and actual prejudice.")  <u>See also</u> <u>Stone v. Powell</u>, 428 U.S. 465 (1976) (barring habeas review of Fourth Amendment exclusionary rule claims under 28 U.S.C. § 2254 - a rule that likely applies as well to § 2255 petitions).

Finally, petitioner does not point to any specific evidence that might properly be considered as "newly discovered," and certainly nothing that probably would have resulted in an acquittal if it had been presented to the jury.  While petitioner suggests that an Auburn police officer involved in establishing and conducting the roadblock has since engaged in conduct that adversely reflects on his credibility, that fact alone would not have materially affected the legality of the roadblock operation, and so would not undermine petitioner's conviction in any way.

## Conclusion

Petitioner has not shown that he is entitled to any relief due to the denial of a constitutional right. Nor has he shown that he is entitled to a new trial or that his conviction or sentence are subject to collateral attack for any other reason. Accordingly, the petition for habeas corpus relief (document no. 1) is denied.

Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the court declines to issue a certificate of appealability. Petitioner may, however, seek such a certificate from the court of appeals under Federal Rule of Appellate Procedure 22(b).

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

February 9, 2011

cc: Moise William, pro se
    Aixa Maldonado-Quinones, Esq.